**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

JEAN CARLOS de OLIVEIRA, an individual,

    Plaintiff,

vs.

RCR SERVICES, LLC, a Florida limited
liability company, and ROOSEVELT ROCHA,
an individual,

    Defendants.
_____/

**COMPLAINT**

## COMPLAINT

COMES NOW Plaintiff JEAN CARLOS de OLIVEIRA ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants RCR SERVICES, LLC ("RCR"), a Florida limited liability company, and ROOSEVELT ROCHA ("Rocha"), an individual (RCR and Rocha collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties") for unpaid overtime wage compensation, liquidated damages, return of wrongful expenses incurred by Plaintiff, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and for retaliatory discharge, 29 U.S.C. § 215(a)(3).

### I.    NATURE OF THE CASE

1. Plaintiff was misclassified as an independent contractor for a portion of his wage payments, and was not paid at the statutory overtime rate for overtime hours worked.

2. This action seeks payment of unpaid overtimes wages, along with costs Plaintiff was wrongfully forced to pay because of his misclassification and Defendants' requirements.

1

3. Plaintiff de Oliveira was employed as a painter in Defendants' painting company RCR Services LLC, located at 2720 N. State Rd 7, Margate, FL 33063, from approximately January, 2017 to January 18, 2021.

4. Throughout his employment, Plaintiff regularly worked hours in excess of forty per workweek ("overtime hours").

5. Although Plaintiff worked solely as an employee throughout his employment, as a condition of employment Plaintiff was required by Defendants to also register a corporation.

6. Defendants paid a set portion of Plaintiff's hourly wages to Plaintiff personally as a biweekly $1,200.00 "salary," although he was actually paid hourly and his hours varied, and the remainder was paid as if Plaintiff was an independent contractor and was paid to the mandated corporation.

7. Throughout the relevant time period, Defendants failed to pay Plaintiff his statutory overtime wages earned.

8. Defendants required Plaintiff to be paid through a corporation in order to reduce their tax obligation and to avoid paying required overtime wages ("the Scheme").

9. By knowledge and belief, Defendants employ the Scheme with other employees.

10. The first company Plaintiff registered was Clean Finish Painting Corp. ("Clean Finish"), registered September 22, 2017; and the second and last company was JCO Painting Inc. ("JCO"), registered June 7, 2019. JCO was registered because the State of Florida dissolved Clean Finish.

11. Throughout his employment, Plaintiff's biweekly pay was split, with a portion paid to Plaintiff as an employee of Defendants and a portion paid to the required company as an independent contractor.

2

12. Throughout his employment, while Plaintiff was a non-exempt employee, he was not paid at the statutory overtime rate of one-and-a-half times his regular rate of pay for overtime hours worked.

13. In addition to his claims for overtime wages and wrongful expenses, Plaintiff is seeking damages for retaliatory discharge because he was fired by Defendants after complaining about these wrongful expenses.

## II.   JURISDICTION AND VENUE

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because most wages were earned and due to be paid in this District; because Defendants' principal address is situated in this District; because Plaintiff and Rocha reside in this District; and because most, if not all, of the operational decisions were made in this District.

15. This Court has original jurisdiction over Plaintiff's federal question claims.

## III. PARTIES

16. Plaintiff de Oliveira is over 18 years old and was a *sui juris* resident of Broward County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

17. Defendant RCR is a Florida limited liability company that owns and operates the painting company at which Plaintiff worked, located in Broward County, Florida. During the relevant time period RCR has also operated under the name RCR Painting and Waterproofing, LLC, and Plaintiff has been paid through this entity also.

18. Defendant Rocha, an individual and *sui juris*, was the owner and manager of RCR and employer of Plaintiff. Rocha acted directly and indirectly in the interest of RCR. Rocha

3

managed the company's business and had the power to direct employees' actions. Rocha had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the company's business in accordance with the FLSA, making Defendant Rocha an employer pursuant to 29 USC § 203(d).

## IV.   COVERAGE

19. During all material times, Defendant RCR was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. During all material times, Defendant RCR was an employer as defined by 29 U.S.C. § 203(d).

21. During all material times, Defendant Rocha was an employer as defined by 29 U.S.C. § 203(d).

22. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

23. During all material times, Defendant RCR has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. During all material times, Defendants employed two or more people.

4

## V.   FACTUAL ALLEGATIONS

25. During the relevant time period for this claim, Defendants have operated the painting company known at various times as RCR Services LLC and RCR Painting and Waterproofing, LLC, located at 2720 N. State Rd 7, Margate, FL 33063.

26. Plaintiff worked for Defendants from January, 2017 to January 18, 2021.

27. As the maximum statutory time limit under the FLSA is three years, the relevant time period will cover the period from February, 2018 to the end of Plaintiff's employment.

28. The applicable overtime wage was one-and-a-half times Plaintiff's regular rate of pay throughout the relevant time period.

29. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day workweek.

30. In order to continue his employment with Defendants, Plaintiff was forced to register a corporation with the Florida Department of State so that Defendants could pay Plaintiff a portion of his wages as an independent contractor.

31. Throughout the relevant time period, Defendants paid Plaintiff partly as an employee and partly as an independent contractor.

32. By knowledge and belief, it is Defendants' practice to force their painter employees to form one-man companies in an effort to pay their employees as independent contractors.

33. Although an employee, Plaintiff was required to pay for impermissible expenses such as insurance, corporate taxes and tools of the trade.

34. Throughout his employment, Defendants increased the amount of impermissible expenses Plaintiff was required to pay.

5

35. Plaintiff complained to Defendants about the impermissible expenses Plaintiff was forced to pay by Defendants, and January 18, 2021 Plaintiff was fired because of these complaints.

36. Under the FLSA, the regular rate of pay for these weeks is the *weighted average* of the rates paid.

37. The Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

38. As a result of suffering or permitting Plaintiff to work overtime hours while paying him below the legal overtime wage rate, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the relevant time period and must therefore pay Plaintiff the applicable overtime wage for each hour worked.

39. Defendant Rocha has settled FLSA lawsuits in the past, and knew or showed reckless disregard as to whether Defendants' policies concerning Plaintiff's overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable overtime wage and thus owe Plaintiff statutory liquidated damages.

40. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I
### FAILURE TO PAY OVERTIME WAGE COMPENSATION
### IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein and further alleges as follows:

42. Defendants employed Plaintiff during the statutory time period.

6

43. Defendants suffered or permitted Plaintiff to regularly work overtime hours in excess of forty per workweek.

44. Defendants sought to avoid paying overtime wages by employing a scheme in which Plaintiff was required to receive a portion of his wages through a corporate entity.

45. Defendants regularly paid Plaintiff below the statutory overtime wage rate for his overtime hours worked.

46. Defendants' actions in paying Plaintiff below the lawful overtime wage rate were willful.

47. By suffering or permitting Plaintiff to work overtime hours while paying him below the statutory overtime rate, Defendants owe Plaintiff all unpaid overtime wages.

48. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JEAN CARLOS de OLIVEIRA demands judgment in his favor and against Defendants RCR SERVICES, LLC and ROOSEVELT ROCHA, jointly and severally, as follows:

a) For overtime hours worked in excess of forty per workweek, award to Plaintiff unpaid overtime wages at the rate of one-and-a-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to his unpaid overtime wages at the rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff of all wrongful expenses incurred because of Defendants' misclassification and policies;

d) Award to Plaintiff reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

7

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

## COUNT II
## <u>RETALIATORY DISCHARGE IN VIOLATION OF 29 U.S.C. § 215(a)(3)</u>

49. Plaintiff reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein and further alleges as follows:

50. Defendants employed Plaintiff during the statutory time period.

51. Plaintiff was misclassified by Defendants as an independent contractor in order to make Plaintiff to pay for impermissible expenses and to avoid paying Plaintiff overtime wages.

52. Plaintiff complained to management that he believed in good faith he was being wrongfully paid and that he would not agree to pay even more impermissible expenses in violation of the law.

53. Plaintiff was subsequently terminated.

54. Defendants' motivating factor for terminating Plaintiff was retaliation for his complaint about these impermissible expenses.

55. Because of his termination, Plaintiff was damaged for one or more weeks.

WHEREFORE, Plaintiff JEAN CARLOS de OLIVEIRA demands judgment in his favor and against Defendants RCR SERVICES, LLC and ROOSEVELT ROCHA, jointly and severally, as follows:

a) Award to Plaintiff for payment of lost wages and liquidated damages equal to the lost wages;

b) Award to Plaintiff of front pay;

c) Award to Plaintiff of compensatory damages for emotional distress and humiliation;

d) Award to Plaintiff of punitive damages;

e) Award to Plaintiff of reasonable attorneys' fees and costs; and

f) Award such other and further relief as this Court may deem just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on February 14, 2021.

           By:   **s/Robert W. Brock II**
                 Robert W. Brock II, Esq.
                 Florida Bar No. 75320
                 BrockLegalTeam@gmail.com
                 *Law Office of Robert W. Brock II*
                 10074 E. Bay Harbor Dr., Ste. 74D
                 Bay Harbor Islands, FL 33154
                 Tel.: (305) 781-5030
                 *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 14, 2021**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

           By:   **s/Robert W. Brock II**
                 Robert W. Brock II, Esq.
                 *Attorney for Plaintiff*

BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM